David L. Mazaroli (DM-3929)
Attorney for Plaintiff
250 Park Avenue – 7th Floor
New York, NY 10177
Tel. (212)267-8480 Fax. (212)732-7352
e-mail: dlm@mazarolilaw.com

---------------------------------------------------------------x
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

| | | |
|---|---|---|
| FEDERAL INSURANCE COMPANY, | : | ECF CASE |
| | : | |
| Plaintiff, | : | |
| | : | **COMPLAINT** |
| - against – | : | |
| | : | |
| MSC MEDITERRANEAN SHIPPING COMPANY S.A., | : | |
| | : | |
| Defendant. | : | |

---------------------------------------------------------------x

Plaintiff, through its undersigned attorney, alleges as follows for its complaint against defendant upon information and belief:

### FIRST CAUSE OF ACTION

### (Breach of Contract and of Duties Under COGSA, 46 U.S. § 30701)

1.	This action involves admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and is within the admiralty and maritime jurisdiction of the United States and of this Honorable Court. This action also falls within the Court's federal question, pendent, ancillary, and supplemental jurisdiction.

2.	Plaintiff seeks recovery for nondelivery, shortage, loss and damage to a shipment of 1400 cases of wine carried by defendant in container FSCU7194313 as

further described in MSC Mediterranean Shipping Co. S.A. Sea Waybill MEDUSG163760 dated on or about November 24, 2018 (hereinafter "the Shipment").

3. Plaintiff Federal Insurance Company is an Indiana corporation with its principal place of business in the State of New Jersey and sues herein as subrogated insurer of the Shipment, having paid the insurance claim of W.J. Deutsch & Sons Ltd. (hereinafter "WJD"), for the claimed nondelivery, shortage, loss and damage which gives rise to this action.

4. Plaintiff's subrogor, WJD, was at all material times the purchaser, owner and intended consignee of the Shipment, the holder of and named consignee on the subject sea waybill, and a Merchant as defined therein. WJD sustained the loss arising from the claimed nondelivery, shortage, loss, and damage to the Shipment and executed a subrogation receipt which states *inter alia* that its rights of recovery are transferred to Federal.

5. Defendant MSC Mediterranean Shipping Company S.A. (hereinafter "MSC" or "defendant") is believed to be an alien corporation with its principal place of business in Switzerland and was at all material times a vessel-operating common carrier.

6. MSC's sea waybill includes a Southern District of New York forum selection clause.

7. This Court has jurisdiction over MSC who conducts business as a common carrier of cargo for hire, and as a provider of services related thereto, including, with respect to shipments moving to, from and through the Port of New York, and/or on behalf of business entities domiciled in New York.

8. Defendant maintains a place of business within this district through its general agent located at 420 Fifth Avenue, 8th Floor, New York, NY 10018-2708.

9. This action involves nondelivery, shortage, loss and damage to the Shipment which for agreed consideration, including specified freight fees, MSC contracted to carry from San Antonio, Chile to Oakland, CA.

10. On or about November 24, 2018, as confirmed by the aforementioned sea waybill, the Shipment was delivered into the care, custody and control of defendant who contracted to carry the cargo from the place of receipt in Chile to the place of intended delivery at Oakland, California.

11. The cargo was in good order and condition at the time of receipt by defendant.

12. Defendant designated the ocean vessels to carry the Shipment from Chile to the United States and MSC has represented that the intended vessel arrival date at Oakland was December 22, 2018.

13. Defendant failed to deliver the Shipment to the intended discharge port.

14. According to defendant during the voyage the Shipment suffered extensive damage, was deemed a total loss, and was destroyed under MSC's supervision and was never delivered to plaintiff's subrogor.

15. The aforesaid nondelivery, shortage, loss and damage to the Shipment was caused by (a) defendant's breaches and violations of its nondelegable duties as a common carrier; (b) its reckless failure to properly load, secure, stow, lash, carry, care for, refrigerate, discharge and deliver the subject cargo; (c) the unseaworthiness of the carrying vessels and container; and (d) by other circumstances for which defendant is

liable to plaintiff under the applicable statutory law, including the Carriage of Goods by Sea Act, 46 U.S.C. § 30701 note, the general maritime law and the governing carriage contract.

16.     As a result of the foregoing, plaintiff and those on whose behalf it sues, has sustained damages in at least the amount of $64,129.00 based on the market value of the shipment plus survey fees in the amount of $567.30 for which defendant is liable as a common carrier and/or bailee for hire.

17.     Plaintiff sues on its own behalf and as agent and trustee for and on behalf of anyone else who may now have or hereafter acquire an interest in this action.

## SECOND CAUSE OF ACTION
### (Breach of Bailment Obligations)

18.     Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 17 of this complaint.

19.     Defendant, or entities acting on its behalf, was acting as a bailee of the Shipment at the time the claimed nondelivery, shortage, loss and damage occurred.

20.     Defendant thereby, or through its contractors, agents, servants or sub-bailees, warranted and had a legal duty to safely keep, care for and deliver the Shipment in the same condition as when entrusted to it and to perform services as bailee or to ensure that those services were performed with reasonable care and in a workmanlike and non-negligent manner.  Defendant also had a duty to ensure that the services provided for the Shipment were performed with reasonable care and in a non-negligent and workmanlike manner.

21. Defendant breached the aforesaid duties and obligations as bailee by failing to deliver the Shipment.

22. As proximate result of the foregoing plaintiff and those on whose behalf it sues has sustained damages in the amount of $64,129.00 plus survey fees in the amount of $567.30, as nearly as can presently be estimated, no part of which has been paid although duly demanded.

WHEREFORE, plaintiff respectfully prays:

A. That process issue against defendant MSC Mediterranean Shipping Co. S.A. citing it to appear and answer all and singular the aforesaid matters;

B. That judgment be entered against defendant in the amount of $64,696.30, plus prejudgment interest at the rate of 9% per annum;

C. That plaintiff be afforded such other and further relief as warranted by justice, including an award of reasonable attorneys fees and all costs.

Dated:   New York, New York
         December 16, 2019

> Law Office
> David L. Mazaroli
>
> *s/David L. Mazaroli*
>
> _____
> David L. Mazaroli
> Attorney for Plaintiff
> 250 Park Avenue – 7th Floor
> New York, New York 10177
> Tel.: (212)267-8480 Fax.: (212)732-7352
> E-mail: dlm@mazarolilaw.com